**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MARTY LEE ROBINSON
ADC #103136                                                                                          PLAINTIFF

3:05CV00122 WRW/HDY

G. DAVID GUNTHARP, Director, Arkansas Department of Community
Correction; DAVE JOHNSON, Center Supervisor, Arkansas
Department of Community Correction, Northeast Arkansas Unit;
MARY WESLEY, Treatment Coordinator, Arkansas Department of
Community Correction, Northeast Arkansas Unit; CAMILLE
STEEN, Counselor, Arkansas Department of Community
Correction, Northeast Arkansas Unit                                               DEFENDANTS

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is the Motion of Defendants to dismiss for failure to exhaust administrative remedies (docket entry #14) and their Brief in Support (docket entry #15).

Plaintiff, an inmate at the Arkansas Department of Community Correction of the Arkansas Department of Correction, filed a § 1983 action alleging that he has been denied mental health care. The Defendants have argued in their Motion to Dismiss that Plaintiff's cause of action should be dismissed because he has not attached copies of grievances demonstrating full exhaustion of administrative remedies. However, in light of the Eighth Circuit's recent decision in *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam), noting that exhaustion is an affirmative defense, which must be proved by defendants and need not be pleaded by the plaintiff, Defendants

have not met their burden to prove that Plaintiff has failed to exhaust his administrative remedies simply by arguing that Plaintiff has failed to provide evidence himself. *See also Guerra v. Kempker*, slip op., 2005 WL 1413332 (8th Cir. June 17, 2005); *Lott v. Roper*, slip op., 2005 WL 1490050 (E.D.Mo. June 23, 2005); *Johnston v. Crawford*, slip op., 2005 WL 1474022 (E.D.Mo. June 13, 2005). Defendants should instead provide evidence of those grievances that Plaintiff has filed, as well as sworn affidavits from Arkansas Department of Correction officials testifying to the lack of administrative exhaustion on the part of Plaintiff, in order to support their assertions.

Accordingly, the undersigned recommends that the Motion of Defendants to dismiss for failure to exhaust administrative remedies (docket entry #14) be denied.

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss (docket entry #14) be DENIED.

DATED this __4__ day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE